UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-CV-3915(JMR/FLN)

David Keef,                      )
individually, and on             )
behalf of all others             )
similarly situated               )
                                 )
          v.                     )
                                 )        ORDER
M. A. Mortenson Co.              )

Plaintiff, David Keef, claims M. A. Mortenson Co. ("Mortenson"), a construction company, misclassifies its field engineers as exempt employees as a matter of policy and practice. In doing so, plaintiff alleges the company fails to compensate its field engineers for overtime, in violation of 29 U.S.C. §§ 201 et. seq. of the Fair Labor Standards Act ("FLSA"). M. A. Mortenson denies these assertions.

Plaintiff now seeks: (1) conditional certification of an opt-in class of Mortenson field engineer employees; and (2) an order authorizing plaintiff to send notice, pursuant to 29 U.S.C. § 216(b), to the putative class members. For the reasons set forth herein, the Court grants plaintiff's motion in part.

I. Background

Plaintiff has filed suit on his own behalf, and on behalf of all field engineers who worked for Mortenson from July 10, 2004, to the present time. Plaintiff worked as a Mortenson field engineer for approximately nine months during 2006 and 2007. While so employed, he claims he and other field engineers regularly worked

more than 40 hours per week without overtime compensation. According to plaintiff, defendant's policy denied its "exempt" field engineers overtime compensation.

Plaintiff contends Mortenson field engineers are not properly classified, and are not exempt. Plaintiff asks for leave to give notice of this FLSA claim to the members of the putative class, pursuant to 29 U.S.C. § 216(b). Plaintiff also requests an order directing defendant to produce its field engineers' names and contact information. The Court addresses each request in turn.

II. Discussion

   A. FLSA Collective Action Certification

In a § 216(b) FLSA collective action, one or more employees may sue an employer on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The action is opt-in, because the statute states:

> [n]o employee shall be a party plaintiff to any such action unless he [or she] gives his [or her] consent in writing to become such a party and such consent is filed in the court in which the action is brought.

Id.

In determining the meaning of "similarly situated" in defining a collective class, federal courts typically use a two-stage certification process: (1) the notice stage; and (2) the opt-in or merits stage. Mooney v. Aramco Servs., Inc., 54 F.3d 1207, 1213-14 (5th Cir. 1995) (footnote omitted), overruled on

2

other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); see also Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-03 (10th Cir. 2001); Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003) (per curiam).

During the notice stage, the Court may conditionally certify a representative class, allowing notice to potential opt-in plaintiffs. Mooney, 54 F.3d at 1213-14. In appropriate cases, the Court may facilitate notice to the putative class. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989).[1] If appropriate, the Court may find efficiency favors Court oversight of joinder questions. Id. at 170-71.

In stage two, usually following a motion to decertify, the Court decides whether the class should be maintained through trial. Mooney, 54 F.3d at 1214. If a class is decertified, opt-in class members are dismissed without prejudice, and the case proceeds only in the putative class representatives' individual capacities. Id.

---

[1] The Supreme Court has noted that Age Discrimination in Employment Act ("ADEA") principles, such as the holding and analytic in Hoffman-La Roche, apply to FLSA collective class actions, as the ADEA incorporates § 216(b) of the FLSA in its enforcement scheme. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 74-75 (2000).

3

B.  Similarly Situated

For these reasons, the Court must make a preliminary determination of whether the potential class members are similarly situated. "Similarly situated" – although not defined in the FLSA – typically requires a showing that an employer's commonly applied decision, policy, or plan similarly affects the potential class members, and inflicts a common injury on plaintiffs and the putative class. See Thiessen, 267 F.3d at 1106-08. This decision lies within the Court's sound discretion. Id. at 1102.

Here, plaintiff claims Mortenson's field engineers are similarly situated, because "[t]he job description for Field Engineers is uniform regardless of where the employee is located," and Mortenson's allegedly improper misclassification, as FLSA exempt, affects them in a similar fashion. According to plaintiff, field engineers have no management duties, perform routine clerical duties, regularly work more than 40 hours per week, and ought to receive overtime compensation.

At this early stage, the barrier to preliminary certification is low: plaintiff only needs to show "a colorable basis for [his] claim that the putative class members were victims of a single decision, policy, or plan." Dominguez ex rel. v. Minnesota Beef Indus., Inc., No. 06-CV-1002(RHK/AJB), 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (Kyle, J.) (citing Frank v. Gold'n Plump Poultry, Inc., No. 04-CV-1018(JNE/RLE), 2005 WL 2240336, at *2 (D.

Minn. Sept. 14, 2005) (Eriksen, J.)). Accordingly, while ultimate success - indeed, while ultimate certification, itself - remains highly problematic, the Court grants conditional certification.

The Court emphasizes that allowing conditional certification does not signal agreement or disagreement with plaintiff's claim that Mortenson's field engineers have an FLSA claim. The Court, at this time, has no opinion on this question. If field engineers are simply wage-and-hour employees, they may succeed in their claim. If they are truly professional or pre-professional, their claim may fail. Conditional certification merely gives the parties an opportunity to see whether Mortenson's field engineers are interested in pursuing this claim.

### C. Proposed Notice

Plaintiff has submitted a proposed notice, and requests permission to send it to potential opt-in plaintiffs. The defendant will have ten days from the issuance of this Order to submit to the Court any objections to plaintiff's proposed notice. After review, the Court will issue a separate order authorizing the notice.

### III. Conclusion

For the foregoing reasons, the Court finds it appropriate to grant plaintiff's motion [Docket No. 30] in part.

Accordingly, IT IS ORDERED that:

1. A collective class is conditionally certified, consisting of all M. A. Mortenson field engineers employed between July 10, 2004, to the present time.

2. Defendant shall provide to plaintiff, within ten days of this Order, the names and addresses of the members of the putative class.

3. Defendant shall note its objections, if any, to plaintiff's proposed notice within ten days of the issuance of this Order, after which the Court will approve or modify the proposed notice.

4. Upon issuance of the notice, plaintiff will have 30 days to file opt-in plaintiffs' consent forms.

Dated:  August 4, 2008

        S/ James M. Rosenbaum
        JAMES M. ROSENBAUM
        United States District Judge