```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   07-CV-3915(JMR/FLN)
```

David Keef et al.            )
                             )
         v.                  )     ORDER
                             )
M.A. Mortenson Co.           )

Defendant, M.A. Mortenson Co. ("Mortenson"), moves to decertify this collective action pursuant to 29 U.S.C. § 216(b). Defendant's motion is granted.

I. Background

The facts remain as set forth in the Court's Order of August 4, 2008 [Docket No. 63], conditionally certifying an opt-in class of Mortenson field engineer employees. At the time the Order was issued, there were five plaintiff-members. The Order gave plaintiffs leave to give notice of the action's pendency to putative class members and afford them an opportunity to join the class.

The notice was sent, followed by more than 100 direct telephone calls by plaintiffs' counsel seeking additional opt-in plaintiffs. These efforts yielded five new class members, for a grand total of ten opt-ins, out of a universe of 312 current and former field engineers. The arithmetic is incontrovertible: 96.8% of potential plaintiffs opted against joining this action. Mortenson's motion for decertification followed.

II. <u>Analysis</u>

Under the Fair Labor Standards Act ("FLSA"), an employer must give overtime pay to employees who work more than 40 hours in any work week. The statute, however, specifically exempts employees "employed in a bona fide executive, administrative, or professional capacity." <u>See</u> 29 U.S.C. §§ 207(a)(1), 213(a)(1). Plaintiffs claim Mortenson field engineers are entitled to unpaid overtime. Defendant replies, claiming its field engineers are exempt under §§ 207(a)(1) and 213(a)(1). The merits of plaintiffs' claims are not before the Court at this time.

The present question is whether this case should continue as a collective action. The FLSA permits an employee seeking unpaid overtime to sue "in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). This is not the same as a class action under Rule 23 of the Federal Rules of Civil Procedure. Under the FLSA, each potential plaintiff must give written assent in order to join the action. Courts have found a collective action offers "efficient resolution in one proceeding of common issues of law and fact" arising from the same alleged wrongful activity. <u>See</u> <u>Hoffman-LaRoche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989) (analyzing § 216(b) in the context of the Age

Discrimination and Employment Act ("ADEA")).[1]

The term "similarly situated" is not defined in the FLSA, nor has it been construed by the Eighth Circuit Court of Appeals. See Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008). Absent a recognized definition, courts have typically attempted to determine whether employees are § 216(b) "similarly situated" by using a two-stage process. Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006); Theissen v. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). First, the Court conditionally certifies a class to allow notice to potential class members. Comer, 454 F.3d at 546; see also Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

Once class members have decided whether to opt in, and generally after discovery, the Court revisits the question of whether class members are sufficiently similarly situated to warrant a collective action. Comer, 454 F.3d at 547; see also Mooney, 54 F.3d at 1214. At this second stage, the Court reviews

---

[1] As the ADEA incorporates the remedies of § 216(b), the Court relies on cases construing the "similarly situated" standard in the context of the ADEA. The Court notes that ADEA collective action cases present some additional issues not relevant to an FLSA collective action. See, e.g., Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1103 and n.4 (considering "whether plaintiffs made the filings required by the ADEA before instituting suit," and "whether a sufficient link existed between the alleged [discriminatory policy] and the challenged employment decisions").

several factors, including (1) "disparate factual and employment settings of the individual plaintiffs," (2) "defenses which appear to be individual to each plaintiff," and (3) "fairness and procedural considerations." Theissen, 267 F.3d at 1103.[2] This is a "stricter standard" than the first-stage inquiry. Id.

Here, plaintiffs argue Mortenson wrongly classified its field engineers as exempt under the FLSA. In asking the Court to maintain its preliminary certification, plaintiffs point to the field engineers' common job description, and their uniform exempt classification. This might suggest they are similarly situated.

This simple formula does not, however, resolve the issue. The question of whether any particular engineer actually is exempt, and therefore correctly classified, is an "intensely fact bound and case specific" question. Rutlin v. Prime Succession, Inc., 220 F.3d 737, 740 (6th Cir. 2000). The FLSA exempts those working in a "bona fide executive, administrative, or professional capacity" from overtime pay. 29 U.S.C. § 213(a)(1). But a "bona fide executive, administrative, or professional capacity" is another undefined statutory term.

In attempting to assess whether the "bona fide" exemption applies to a particular employee, the Court inquires into the employee's day-to-day activities and responsibilities, as

---

[2] As noted above, Thiessen also includes the ADEA-specific factors in its analysis of whether plaintiffs are "similarly situated."

4

contemplated in regulations set forth by the Secretary of Labor. See Fife v. Harmon, 171 F.3d 1173, 1175 (8th Cir. 1999); 29 C.F.R. § 541.

Federal regulations afford the administrative exemption to employees "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200. The professional exemption applies to employees "[w]hose primary duty is the performance of work . . . [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a). Determining an employee's "primary duty" requires consideration of "all the facts in a particular case." 29 C.F.R. § 541.700(a). The regulations clearly contemplate an individualized inquiry into each plaintiff's job responsibilities.

And so, the Court returns to the question of whether plaintiffs are "similarly situated." Plaintiffs suggest defendant's decertification motion is premature, arguing too little discovery has been taken. While there has been limited discovery, plaintiffs are incorrect. The identities of the five original and five opt-in plaintiffs are known. Prior to the Court's conditional certification, Mortenson submitted evidence of the differences between the responsibilities of the first five plaintiffs. See Defendant's Response to Plaintiff's Motion for Conditional

Certification [Docket No. 40] at 21-39, and exhibits cited therein. For example, the plaintiffs work in different groups or on different projects within a group, and they report to different supervisors. Id. at 23-30 and 33-35. Some have only a few months on the job, while others have worked there for years. Id. at 30-32. Some use their educational background extensively in their work, while others do not. Id. at 37-38. Some perform well and are given the opportunity to use greater discretion; others perform less well and receive less significant work. Id. at 35-36.

Plaintiffs bear the burden of demonstrating that, despite these differences, a collective action is justified. Courts have held that "where individualized determinations are required, certification of a FLSA collective action is inappropriate." See Rutlin, 220 F.3d at 740. The question of whether any given engineer is exempt is highly individualized. The potential benefit from trying these cases as a collective action is not at all clear. Indeed, it seems likely that trying ten cases simultaneously would complicate any nuanced inquiry.

The Court cannot be unmindful of the potential class members' underwhelming enthusiasm for this action. As noted in the prior Order, conditional certification "merely gives the parties an opportunity to see whether Mortenson's field engineers are interested in pursuing this claim." (Order of August 4, 2008, at 5.) Clearly, most are not. In view of the fact-intensive inquiry

required for each plaintiff, and the limited number of potential plaintiffs who have chosen to opt-in, the Court exercises its discretion and concludes an FLSA collective action is inappropriate. Rather, it is appropriate to dismiss without prejudice the claims of those plaintiffs who have opted-in, and to allow each case to proceed individually.

III. Conclusion

For all of the foregoing reasons, defendant's motion to decertify [Docket No. 93] is granted. This action is no longer a collective action. The opt-in plaintiffs' claims are dismissed without prejudice.

In the event any opt-in plaintiff elects to file an individual complaint, those cases will be assigned to this Court.

IT IS SO ORDERED.

Dated: February 23, 2009

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States District Judge
